BARTHOLD C. GAEDEKE, Respondent, v. THE STATEN ISLAND MIDLAND RAILROAD COMPANY, Appellant.

*Railroad — consent of the town necessary to the construction of a railroad upon a highway built under chapter 555 of the Laws of 1890 — condition as to the fare to be charged.*

In the case of a highway constructed under chapter 555 of the Laws of 1890, an act applicable to all counties less than 200 square miles in area, and providing that no railway "shall be laid, constructed or operated on said county roads, unless, in addition to the requirements of existing laws, the same shall be authorized by a two-third vote of the board of supervisors," and that the supervisors "shall have the control and jurisdiction over said county roads only for the purpose of improving and keeping the same in repair, except as hereinbefore mentioned; and for all other purposes the said roads shall remain and be subject to the authority, control and jurisdiction of the town, village, separate road district or local authorities to which they shall respectively belong," the consent of the highway authorities of a town is necessary to give to a railroad corporation authority to construct its road upon the highway in that town.

*Semble,* that the General Highway Law (Chap. 568 of the Laws of 1890, as amended by chap. 333 of the Laws of 1893 and chap. 375 of the Laws of 1895) did not repeal the earlier statute, and is not inconsistent with it, but may be properly held to apply only to counties whose area is in excess of 200 square miles.

A. condition imposed by the highway commissioners of a town, on granting consent to the construction of a railroad upon such a highway, which requires passengers to be transported from or to the town in question to and from other points outside of the limits of the town for a prescribed fare, is not void as conflicting with the rights of the highway authorities in the other towns or villages to prescribe conditions for the construction of the railroad within their territorial limits.

MOTION by the defendant, The Staten Island Midland Railroad Company, for a reargument of an appeal from a judgment of the Municipal Court of the city of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 31st day of May, 1899.

*Harcourt Bull,* for the motion.

*John G. Clarke,* opposed.

PER CURIAM:

It is claimed that, in the decision hitherto rendered by us (43 App. Div. 514), we have overlooked the amendments made to the Highway Law of the State (Laws of 1890, chap. 568), by chapter 333 of the Laws of 1893 and chapter 375 of the Laws of 1895. Section 58 of the Highway Law reads:

"The county roads in any county shall be exclusively under the jurisdiction of the board of supervisors and the county engineer of the county, and exempt from the jurisdiction of the highway officers, or officers performing the duty of highway commissioners of the several towns and villages in which such county roads are located." The highway over which defendant's road is constructed was made a county road, not under the General Highway Law or the statutes heretofore referred to, but under chapter 555 of the Laws of 1890. That act is a general one, applicable to all counties having less than 200 square miles in area. In express terms it provides that no railway "shall be laid, constructed or operated on said county roads, unless, in addition to the requirements of existing laws, the same shall be authorized by a two-third vote of the board of supervisors" (§ 7), and that the supervisors "shall have the control and jurisdiction over said county roads only for the purpose of improving and keeping the same in repair, except as hereinbefore mentioned, and for all other purposes the said roads shall remain and be sub-

ject to the authority, control and jurisdiction of the town, village, separate road district, or local authorities to which they shall respectively belong." (§ 10.) As the road was opened under this statute, it is subject to all the limitations and conditions therein prescribed, unless the provisions of the statute in these respects have been repealed. The acts of 1893 and 1895 do not assume in terms to repeal the earlier statute, nor do we think they are inconsistent with it. The General Highway Law, so far as a scheme of county roads is authorized, may well be held to apply only to counties whose area is in excess of 200 square miles. But if we concede that highways may be taken as county roads in counties of less than 200 square miles in extent, under either statute, still it follows that the power of the supervisors or of the local authorities over the road so taken must be found in the particular statute under which the road is taken. The consent of the highway authorities of the town of Southfield was, therefore, necessary to give the defendant authority to construct its road.

Nor do we think the condition imposed by the highway commissioners of Southfield, and assented to by the defendant, is void as conflicting with the right of the highway authorities in the other towns or villages to prescribe conditions for the construction of the railroad within their territorial limits. It requires passengers to be transported from or to the town of Southfield, to and from other points for a prescribed fare. In such travel the town may have as great an interest as where the transportation is confined solely within its own limits. The contract with the town does not assume to authorize the defendant to charge any particular rate of fare outside of its own territory. It is difficult to see how the requirement that passengers to and from Southfield shall not be charged more than five cents, can in any manner conflict with the terms and conditions imposed upon the defendant by the other towns.

The motion for a reargument should be denied.

All concurred.

Motion for reargument denied.